# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK A. WURTH,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C07-4062-MWB<br><br>**REPORT AND RECOMMENDATION ON MOTION TO DISMISS** |

_____

This matter is before the court on the defendant's motion to dismiss (Doc. No. 9), filed November 6, 2007. In his motion, the defendant claims the plaintiff's Complaint was not timely filed within sixty days after notice was mailed to the plaintiff that his application for benefits had been denied, as provided by 42 U.S.C. § 405(g).

On March 26, 2007, the plaintiff resisted the motion, arguing the sixty-day period for him to seek judicial review did not commence until his attorney received the notice of decision on June 25, 2007. (Doc. No. 10) A period of some two years had elapsed while the plaintiff's case was pending before the Social Security Administration, and the plaintiff's attorney had moved his office. He indicates that when the notice of decision was returned to the SSA as undeliverable, an SSA employee contacted him to obtain his new address, and the notice of claim was forwarded to the new address. (*See id.*) The plaintiff's attorney received the notice of decision on June 25, 2007, and this action was filed on August 7, 2007. Thus, counsel argues this action was filed timely. (*Id.*)

If the sixty-day period was based solely on receipt of the notice of decision by an individual's attorney, the plaintiff would prevail. *See Bess v. Barnhart*, 337 F.3d 988, 989 (8th Cir. 2003). However, both the statute and Eighth Circuit case law contemplate that

the period of limitation will run from the date notice is received by *either* the claimant *or* his attorney. *See id.*; 42 U.S.C. § 405(g).

In the present case, the Commissioner has submitted an Affidavit indicating the plaintiff's case file shows the notice of decision was sent "by mail addressed to the plaintiff at Mr. Mark A. Wurth, 4429 Central Street, Sioux City, IA 51108[.]" (Doc. No. 9-3 at 3) In the plaintiff's Complaint, he indicates he "is a resident of 4429 Central St., Sioux City, Iowa." (Doc. No. 2-2, ¶ 3) Thus, although the notice of decision may have been sent to the plaintiff's attorney at the wrong address, there was no similar mistake in the plaintiff's address. As the *Bess* court held, "notice received by either the individual or the individual's attorney, *whichever occurs first*, triggers the sixty-day limitations period." *Bess*, 337 F.3d at 989 (emphasis added).

The plaintiff is presumed to have received the notice of decision five days after the date of the notice (i.e., in this case, by May 29, 2007), "unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c); *see Bess*, 337 F.3d at 989. *See also Arkansas Motor Coaches v. Comm'r*, 198 F.2d 189, 191 (8th Cir. 1952) (presumption exists "'that a letter transmitted by mail was received by the addressee.'" ). No such showing has been made in this case.

Because this action was filed more than sixty days after the plaintiff presumptively received notice of the Commissioner's final decision, this case should be dismissed.

Therefore, **IT IS RESPECTFULLY RECOMMENDED**, unless any party files objections[1] to the Report and Recommendation in accordance with 28 U.S.C. § 636 (b)(1)

---

[1] Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).

and Fed. R. Civ. P. 72(b), within ten (10) days of the service of a copy of this Report and Recommendation, that the Commissioner's motion to dismiss be granted.

**IT IS SO ORDERED.**

**DATED** this 19th day of November, 2007.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT