# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK A. WURTH,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | No. C07-4062-MWB<br><br>**ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S MOTION TO DISMISS** |

_____

## *I. INTRODUCTION AND BACKGROUND*

The plaintiff applied for supplemental security income and disability insurance benefits on June 6, 2003. The Social Security Administration ultimately denied plaintiff's applications on May 25, 2007. The plaintiff sought judicial review of that decision in this court on August 7, 2007. Dkt. # 4. The defendant thereafter filed a motion to dismiss plaintiff's complaint as untimely. Dkt. # 9; *see* 42 U.S.C. § 405(g) (allowing sixty days to appeal). Chief Magistrate Judge Paul A. Zoss respectfully recommended the defendant's motion be granted because although the plaintiff's *attorney* had not received notice of the Social Security Administration's final decision until June 25, 2007, the *plaintiff* had received presumptive notice of the adverse decision on May 29, 2007. *See* 42 U.S.C. § 405(g) (noting a person may obtain review of adverse agency action "by a civil action commenced within sixty days after the mailing to *him* of notice of such decision" (emphasis added)); *Bess v. Barnhart*, 337 F.3d 988, 989 (8th Cir. 2003) ("We

conclude that the notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period.").

## II. ANALYSIS

The court reviews the magistrate judge's report and recommendation on the defendant's dispositive motion pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). Examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district

court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, the court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting its review, the court is not "'left with [a] definite and firm conviction that a mistake has been committed,'" and finds no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, the court accepts the magistrate judge's report and recommendation, and the Commissioner's motion to dismiss is granted.

**IT IS SO ORDERED.**

**DATED** this 10th day of December, 2007.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA